UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X
RICARDO FORDE,

*Plaintiff,*

-against-

THE CITY OF NEW YORK, ARRESTING OFFICER
DETECTIVE REGINALD SMITH (SHIELD #4482/TAX ID#
951278), SUPERVISOR/DESK OFFICER SGT. DENIS
FITZERALD (SHIELD #3038/TAX ID# 952735),
LIEUTENANT MICHAEL MALONE (TAX ID# 937013),
LIEUTENANT MICHAEL DEMONDA (SHIELD
#26018/TAX ID# 945659), SGT. NICHOLAS RUSSO
(SHIELD #2664/TAX ID #934141), POLICE OFFICER
MICHAEL DESPOSITO (SHIELD #2001/TAX ID #954726),
POLICE OFFICER RANDY SANCHEZ (SHIELD
#5340/TAX ID #956231)and POLICEOFFICERS JOHN DOE
(#1-8)( the name "John" and "Doe"being fictitious, as the true
names, shield numbers and officer rankings are presently
unknown),

*Defendants.*

--------------------------------------------------------------------------------X

**FIRST
AMENDED
COMPLAINT**

JURY TRIAL
DEMANDED

*Civil Action No.* 21-CV-
4989(FB)(LB)

Plaintiff **RICARDO FORDE,** by his attorneys **THE LAW OFFICE OF ELLIE**

**SILVERMAN, P.C.,** complaining of Defendants **THE CITY OF NEW YORK, ARRESTING**

**OFFICER DETECTIVE REGINALD SMITH (SHIELD #4482/TAX ID# 951278),**

**SUPERVISOR/DESK OFFICER SGT. DENIS FITZERALD (SHIELD #3038/TAX ID#**

**952735), LIEUTENANT MICHAEL MALONE (TAX ID# 937013), LIEUTENANT**

**MICHAEL DEMONDA (SHIELD #26018/TAX ID# 945659), SGT. NICHOLAS RUSSO**

**(SHIELD #2664/TAX ID #934141), POLICE OFFICER MICHAEL DESPOSITO (SHIELD**

**#2001/TAX ID #954726), POLICE OFFICER RANDY SANCHEZ (SHIELD #5340/TAX ID**

**#956231)and POLICEOFFICERS JOHN DOE (#1-8)**( the name "John" and "Doe" being

fictitious, as the true names, shield numbers and officer rankings are presently unknown) (hereinafter,

**"OFFICERS DOE"**) respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which Plaintiff **RICARDO FORDE** seeks relief for Defendants'

violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983 and 42 U.S.C. §

1988, and of rights secured by the Amendments to the United States Constitution, including but

not limited to, the First, Fourth and Fourteenth Amendments and of rights secured under the

laws and Constitution of the State of New York.  Plaintiff seeks damages, compensatory and

punitive, affirmative and equitable relief, an award of costs, interest and attorney's fees, and

such other and further relief as this Court deems equitable and just.

## JURISDICTION AND VENUE

2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 and § 1331, this being an

action seeking redress for the violation of Plaintiff's constitutional and civil rights.

3.    Jurisdiction is also invoked herein pursuant to the First, Fourth and Fourteenth Amendments

to the United States Constitution and 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

4.    Plaintiff respectfully requests that this Court exercise supplemental jurisdiction, pursuant to 28

U.S.C. § 1367, over any state court causes of action that arise from a common nucleus of

operative facts that give rise to the federally based causes of action pleaded herein, and as

against all parties that are so related to claims in this action within the original jurisdiction of

this court that are formed as part of the same case or controversy.[1]

5.    Venue herein is proper for the United States District Court for the Eastern District of New

York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

---

[1] On or about October 11, 2019 and under Index No. 519226/2019 in Supreme Court, Kings County, the Order to Show Cause (filed on August 30, 2019) was signed by the Judge directing a hearing to discuss the granting of a timely Notice of Claim, *nunc pro tunc*.  After oral argument and further briefing, on May 16, 2022, the Petition to file a late Notice of Claim was granted with respect to Plaintiff's state claims for false arrest and imprisonment, malicious prosecution, assault and battery and excessive force.

## JURY DEMAND

6.   Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7.   Plaintiff was 22 years old at the time of arrest and at all times hereinafter mentioned was, and still is, a citizen of the United States, residing in the County of Kings, and State of New York.

8.   Defendant **THE CITY OF NEW YORK** was, and still is, at all times relevant herein, a municipal corporation duly incorporated and existing under and by virtue of the laws of the State of New York.

9.   Defendant **THE CITY OF NEW YORK** was, and still is, at all times relevant herein, a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant **THE CITY OF NEW YORK** assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the NEW YORK CITY POLICE DEPARTMENT.

10.   Defendants **THE CITY OF NEW YORK, ARRESTING OFFICER DETECTIVE REGINALD SMITH (SHIELD #4482/TAX ID# 951278), SUPERVISOR/DESK OFFICER SGT. DENIS FITZERALD (SHIELD #3038/TAX ID# 952735), LIEUTENANT MICHAEL MALONE (TAX ID# 937013), LIEUTENANT MICHAEL DEMONDA (SHIELD #26018/TAX ID# 945659), SGT. NICHOLAS RUSSO (SHIELD #2664/TAX ID #934141), POLICE OFFICER MICHAEL DESPOSITO (SHIELD #2001/TAX ID #954726), POLICE OFFICER RANDY**

**SANCHEZ (SHIELD #5340/TAX ID #956231) and OFFICERS DOE** were, and still are, at all times relevant herein, duly appointed and acting officers, agents, servants, and employees of the NEW YORKCITY POLICE DEPARTMENT a municipal agency of Defendant **THE CITY OF NEW YORK**.

11.    Defendants **THE CITY OF NEW YORK, ARRESTING OFFICER DETECTIVE REGINALD SMITH (SHIELD #4482/TAX ID# 951278), SUPERVISOR/DESK OFFICER SGT. DENIS FITZERALD (SHIELD #3038/TAX ID# 952735), LIEUTENANT MICHAEL MALONE (TAX ID# 937013), LIEUTENANT MICHAEL DEMONDA (SHIELD #26018/TAX ID# 945659), SGT. NICHOLAS RUSSO (SHIELD #2664/TAX ID #934141), POLICE OFFICER MICHAEL DESPOSITO (SHIELD #2001/TAX ID #954726), POLICE OFFICER RANDY SANCHEZ (SHIELD #5340/TAX ID #956231) and OFFICERS DOE** were, and still are, at all times relevant herein, acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant **THE CITY OF NEW YORK,** were acting for, and on behalf of, and with the power and authority vested in them by Defendant**THE CITY OF NEW YORK** and NEW YORK CITY POLICE DEPARTMENT and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

12.    Defendants **ARRESTING OFFICER DETECTIVE REGINALD SMITH (SHIELD #4482/TAX ID# 951278), SUPERVISOR/DESK OFFICER SGT. DENIS FITZERALD (SHIELD #3038/TAX ID# 952735), LIEUTENANT MICHAEL MALONE (TAX ID# 937013), LIEUTENANT MICHAEL DEMONDA (SHIELD #26018/TAX ID# 945659), SGT. NICHOLAS RUSSO (SHIELD #2664/TAX ID**

**#934141), POLICE OFFICER MICHAEL DESPOSITO (SHIELD #2001/TAX ID #954726), POLICE OFFICER RANDY SANCHEZ (SHIELD #5340/TAX ID #956231) and OFFICERS DOE** were, and still are, at all times relevant herein, male New York City Police Officers, assigned to the 77th precinct located at 127 Utica Avenue, Brooklyn, NY.

13. Upon information and belief, Defendant **DETECTIVE REGINALD SMITH** and **POLICE OFFICER RANDY SANCHEZ** were the arresting officers who are often listed as processing and invoicing the paperwork pertaining to Mr. Forde.

14. Upon information and belief, Defendants **SMITH and SANCHEZ** assaulted and battered Mr. Forde in the course of their encounter with Mr. Forde.

15. Upon information and belief, Defendants **FITZGERALD** and **MALONE** were the Supervisors/Desk Sergeants on duty at the time of Mr. Forde's arrest and throughout the processing of Mr. Forde's arrest and incarceration at the precinct.

16. Upon information and belief, **FITZGERALD** and **MALONE** maintained supervisory roles at the 77th precinct for the duration of this incident with Mr. Forde.

17. Upon information and belief, Defendant **DEMONDA** maintained a supervisory role at the 77th precinct for the duration of this incident with Mr. Forde and was the supervising/approving officer throughout processing the paperwork of the Plaintiff's arrest and often listed as the "supervisor approving" officer on behalf of the work performed by the employees of the NEW YORK CITY POLICE DEPARTMENT in this case.

18. Upon information and belief, Defendant **RUSSO** maintained a supervisory role at the 77th precinct for the duration of this incident with Mr. Forde and was the supervising/approving officer throughout processing the paperwork of the Plaintiff's arrest and often listed as the

"signoff supervisor" officer on behalf of the work performed by the employees of the NEW YORK CITY POLICE DEPARTMENTin this case.

19.     Upon information and belief, Defendant **DESPOSITO** was present at the scene and participated in or observed and failed to intervene in the beating of Mr. Forde and allegedly recovered the firearm at the scene.  Defendant **DESPOSITO** also refused an "elimination swab" during the processing of the firearm.

20.     Upon information and belief, Defendant **RUSSO** was present at the scene and participated in or observed and failed to intervene in the beating of Mr. Forde.

21.     Upon information and belief, Defendant **SANCHEZ** was present at the scene and participated in or observed and failed to intervene in the beating of Mr. Forde.

22.     Upon information and belief, Defendants **OFFICERS DOE** were present at the time of the beating of Mr. Forde, the arrest, the transport to the precinct, the processing and booking of Mr. Forde and the escorting of Mr. Forde to and from the hospital.[2]

23.     Defendants **ARRESTING OFFICER DETECTIVE REGINALD SMITH (SHIELD #4482/TAX ID# 951278), SUPERVISOR/DESK OFFICER SGT. DENIS FITZERALD (SHIELD #3038/TAX ID# 952735), LIEUTENANT MICHAEL MALONE (TAX ID# 937013), LIEUTENANT MICHAEL DEMONDA (SHIELD #26018/TAX ID# 945659), SGT. NICHOLAS RUSSO (SHIELD #2664/TAX ID #934141), POLICE OFFICER MICHAEL DESPOSITO (SHIELD #2001/TAX ID**

---

2 **OFFICERS DOE** names and shield numbers are presently unknown as THE CITY OF NEW YORK has failed to provide all of the pertinent identifying documents despite being noticed via an Order to Show Cause to File a Late Notice of Claim filed on August 30, 2019 in Supreme Court, Kings County and served on THE CITY OF NEW YORK.  In Defendants' Initial Disclosures, Defendants stated that there are "[o]ther individuals who may later be identified as having discoverable information".  Therefore, Plaintiff maintains that this information is in the sole custody, possession, control and knowledge of Defendants and Plaintiff reserves his right to substitute the John Doe defendants for individuals who may later be identified by Defendants.

**#954726), POLICE OFFICER RANDY SANCHEZ (SHIELD #5340/TAX ID #956231)** are sued in their official capacity and sued individually.

24.    Defendants **OFFICERS DOE** were, and still are, at all times relevant herein, employed by **THE CITY OF NEW YORK,** more specifically the NEW YORK CITY POLICE DEPARTMENT as New York City Police Officers, Sergeants, Captains and/or Detectives and were involved in the circumstances leading up to and including the investigation, arrest, harassment and prosecution of Plaintiff **RICARDO FORDE**.

25.    Defendants **OFFICERS DOE** are sued in their official capacity and sued individually.

26.    Upon information and belief, the following officers were and still are, at all times relevant herein, acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant **THE CITY OF NEW YORK,** acting for, and on behalf of, and with the power and authority vested in them by Defendant **THE CITY OF NEW YORK** and NEW YORK CITY POLICE DEPARTMENT and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties and involved whether in a supervisory role or not, in some of the circumstances surrounding this incident, leading up to and including the investigation, arrest and prosecution of Plaintiff (the specific or exact involvement unknown at this time):

> * Officers from the 79th Precinct regarding an investigation closed on or around July 4, 2018.  Case No. 2018-1288 that may or may not be relevant to the circumstances surrounding this incident and may possibly be Defendants in this case;
>
> * Police Officer Jose Albarracin (Tax ID #957320) of the 77th precinct who may have transported Plaintiff to the hospital and may possibly be a Defendant in this case;
>
> * Police Officer Colin Russell (Tax ID #959956) of the 77th precinct who may have transported Plaintiff to the hospital and may possibly be a Defendant in this case;

* Police Daniel Carmosin (Tax ID # 926647) listed as the photographer in some of the paperwork and may possibly be a Defendant in this case;

* Detective Anthony (Tax ID # 937986) listed in the processing paperwork who may possibly be a Defendant in this case;

* Police Officer David Gomez (Tax ID #950508) listed in the DD5 as present at the 77th and received this "gun enhancement investigation", potentially obtained the Federal Arrest Warrant for Mr. Forde's alleged firearm possession and may possibly be a Defendant in this case;

* Officer Clifford Louis (Tax ID #927098) listed in a DD5 as a reviewing supervisor and may possibly be a Defendant in this case;

* Detective McCarthy of the 77th Precinct conferred with other officers regarding the firearm investigation and may possibly be a Defendant in this case;

* Officer Patrick Hamilton (Tax ID #930310 ) listed as the "reviewing supervisor" on the closed DD5 in this matter and may possibly be a Defendant in this case.

* Officer "John" "Murphy" (Tax ID unknown/Shield # unknown) potentially an officer assigned to the 77th precinct who escorted Mr. Forde to the hospital and may possibly be a Defendant in this case.

## FACTS

27.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

28.     The events which gave rise to this litigation began on or about September 3, 2018 but, also stems from a history of harassment and being a "target" of the police in the neighborhood. [3]

29.     Upon information and belief, on or about September 3, 2018, at approximately 1:00AM, Mr. Forde was lawfully present on, at, around or near the front of 1491 Sterling Place in Brooklyn, New York.

---

3 The most recent example of this harassment was just prior to September with a false arrest in July of 2018, which was closed by the officers because "the DA would not touch this."

30. Upon information and belief, at approximately 1:30AM, Defendants **SMITH**, **SANCHEZ, DESPOSITO** and **OFFICERS DOE** were patrolling the neighborhood in an unmarked vehicle when one or more officers recognized Mr. Forde.

31. Upon information and belief, without warning or provocation or announcing who they were, they shouted and yelled to Mr. Forde from the unmarked vehicle, which caused Mr. Forde to fear for his life.

32. The Defendants chased Plaintiff down the block and subjected him to a prolonged physical attack. He was thrown, shoved and slammed onto the exterior steps of the entryway to the building at or near the corner of Utica and Sterling Avenues in Brooklyn, New York.

33. After being slammed onto the stairs, officers proceeded to continuously and without pause, punch Mr. Forde in his face, head, neck and chest. This force was excessive and unreasonable. Mr. Forde did not resist or fight back. Mr. Forde was then slammed onto the ground facedown and handcuffed.

34. After being handcuffed, Mr. Forde suffered additional beatings by several officers including but not limited to punching, kicking and being held face down on the sidewalk with the weight of one of the officer's foot (which was in a heavy boot) planted firmly on his back.

35. At the time of these additional beatings, Mr. Forde's arrest was already effectuated and he was already handcuffed.

36. The metal handcuffs were locked onto Mr. Forde's wrists too tightly, to the point where his hands and wrists swelled and went numb and his shoulders began tingling. He cried out in pain and asked for the handcuffs to be loosened. All of his requests were either ignored and/or denied.

37.  Claimant was then thrown into a vehicle and taken to the 77th precinct where the supervising officers and officers of the NYPD delayed him much needed medical attention.  Mr. Forde was not read his Miranda rights and was not permitted a phone call.

38.  Mr. Forde was bleeding, bruised and otherwise noticeably injured and noticeably in pain.  All of his cries for help were denied and/or deferred.

39.  For several hours, Mr. Forde suffered additional abuse and deliberate indifference and denial of necessary medical attention at the hands of the Defendants.

40.  At some point thereafter, Plaintiff was transported to Interfaith Hospital where he complained of chest pain and pain all over his body and specifically, his wrist.

41.  Plaintiff was screaming in pain and continued to request medical attention.  Hours later, Defendants transported Mr. Forde to Interfaith Hospital for a psychiatric evaluation in the "psych ward" and he was escorted by Officers from the 77th precinct (potentially Officer "Russell" (Shield # 19390/Tax ID# 959956 and an Officer "John Doe" Shield # 18461).

42.  Upon information and belief, this transport for a psychiatric evaluation was retaliatory and he was wrongfully confined in the "psych ward" for several hours.

43.  Upon information and belief, Mr. Forde has no prior history of mental illness.

44.  Upon information and belief, the psychiatric doctor did not prescribe any medication and did not admit Mr. Forde.

45.  Upon information and belief, the psychiatric doctor told the officer that Mr. Forde's wrist and/or wrists were severely swollen.

46.  Hours later, Central Booking to be processed.  He was fingerprinted, photographed, and otherwise processed, placed in a holding cell and otherwise ignored and denied any explanation for such detention.

47.   At arraignment, in addition to the charge of criminal possession of a weapon, he was also given the retaliatory charge of resisting arrest.

48.   Plaintiff subjected to an unreasonable custodial detention and all association therewith.

49.   He was transported to different locations, including Brooklyn House and Riker's OBCC for until being brought to the Grand Jury.

50.   Upon information and belief, on September 7, 2018, all charges were dismissed and sealed.

51.   Nevertheless, he remained imprisoned and spent additional days in state custody at OBCC until it was referred to the Federal Marshals.

52.   On or about September 12, 2018 the state custody ended and Mr. Forde was arrested pursuant to a Federal Warrant which was issued by Hon. Judge Peggy Kuo and remanded to the custody of the U.S. Marshal Service, it contained the weapons charge, but the charge of resisting arrest was not permitted by the Judge.

53.   On or about January 3, 2019, he plead out with the counsel of his Federal Defender and was sentenced to 14 months with 3 years supervised release to follow.

54.   Upon information and belief, Defendants mislead, coerced and/or failed to properly inform the Federal prosecutors.

**AS AND FOR A FIRST CAUSE OF ACTION**
**DEPRIVATION OF RIGHTS UNDER THE**
**UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983**

55.   Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

56.   By their conduct and actions in arresting, searching, imprisoning, failing to intercede on behalf of Plaintiff and in failing to protect him from the unjustified and unconstitutional treatment he received at the hands of Defendants **ARRESTING OFFICER DETECTIVE REGINALD**

SMITH (SHIELD #4482/TAX ID# 951278), SUPERVISOR/DESK OFFICER SGT. DENIS FITZERALD (SHIELD #3038/TAX ID# 952735), LIEUTENANT MICHAEL MALONE (TAX ID# 937013), LIEUTENANT MICHAEL DEMONDA (SHIELD #26018/TAX ID# 945659), SGT. NICHOLAS RUSSO (SHIELD #2664/TAX ID #934141), POLICE OFFICER MICHAEL DESPOSITO (SHIELD #2001/TAX ID #954726), POLICE OFFICER RANDY SANCHEZ (SHIELD #5340/TAX ID #956231) AND OFFICERS DOE, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to and/or a reckless disregard for the natural and probable consequences of his acts, caused injury and damage in violation of Plaintiff's due process clause and constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

57.   As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific physical, psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**AS AND FOR A SECOND CAUSE OF ACTION**
**VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO**
**THE COMMON LAW OF THE STATE OF NEW YORK**
**VIA BATTERY AND ASSAULT**

58.   Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

59.   Defendants **THE CITY OF NEW YORK** are vicariously liable to Plaintiff for the individual Defendants' **ARRESTING OFFICER DETECTIVE REGINALD SMITH (SHIELD #4482/TAX ID# 951278), SUPERVISOR/DESK OFFICER SGT. DENIS FITZERALD (SHIELD #3038/TAX ID# 952735), LIEUTENANT MICHAEL**

**MALONE (TAX ID# 937013), LIEUTENANT MICHAEL DEMONDA (SHIELD #26018/TAX ID# 945659), SGT. NICHOLAS RUSSO (SHIELD #2664/TAX ID #934141), POLICE OFFICER MICHAEL DESPOSITO (SHIELD #2001/TAX ID #954726), POLICE OFFICER RANDY SANCHEZ (SHIELD #5340/TAX ID #956231) AND OFFICERS DOE** commitment of the common torts of battery and of assault via the principle of *respondeat superior* and that New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

60. Defendants committed a battery on Plaintiffincluding but not limited to, by him being handcuffed, pushed, shoved, slammed, punched, kicked, dragged and beaten.

61. The deprivation of food, water and sanitary conditions while in custody, was harmful, un-consented, and unjustified and in so doing, Defendants violated the laws and Constitution of the State of New York and otherwise violated Plaintiff's rights under New York Law.

62. That by reason of the battery, Plaintiff was harmed physically and emotionally, all while handcuffed, and that Plaintiff was otherwise harmed as a result of the Defendants' actions.

63. That on the aforementioned date, time and place, Defendants committed the tort of assault against Plaintiff by causing him to be in fear and/or apprehension of imminent and offensive harm and in so doing, Defendants violated the laws and Constitution of the State of New York and otherwise violated Plaintiff's rights under New York Law.

64. That by reason of the aforesaid committed by Defendants**,** Plaintiff suffered and continues to suffer physical injury and that he was otherwise damaged.

65. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A THIRD CAUSE OF ACTION
### EXCESSIVE FORCE AND UNREASONABLE SEIZURE

66.     Plaintiff Mr. Forde repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

67.     Defendants **ARRESTING OFFICER DETECTIVE REGINALD SMITH (SHIELD #4482/TAX ID# 951278), SUPERVISOR/DESK OFFICER SGT. DENIS FITZERALD (SHIELD #3038/TAX ID# 952735), LIEUTENANT MICHAEL MALONE (TAX ID# 937013), LIEUTENANT MICHAEL DEMONDA (SHIELD #26018/TAX ID# 945659), SGT. NICHOLAS RUSSO (SHIELD #2664/TAX ID #934141), POLICE OFFICER MICHAEL DESPOSITO (SHIELD #2001/TAX ID #954726), POLICE OFFICER RANDY SANCHEZ (SHIELD #5340/TAX ID #956231) AND OFFICERS DOE.**

68.     Defendants **THE CITY OF NEW YORK** are vicariously liable to Plaintiff for the individual Defendants' **ARRESTING OFFICER DETECTIVE REGINALD SMITH (SHIELD #4482/TAX ID# 951278), SUPERVISOR/DESK OFFICER SGT. DENIS FITZERALD (SHIELD #3038/TAX ID# 952735), LIEUTENANT MICHAEL MALONE (TAX ID# 937013), LIEUTENANT MICHAEL DEMONDA (SHIELD #26018/TAX ID# 945659), SGT. NICHOLAS RUSSO (SHIELD #2664/TAX ID #934141), POLICE OFFICER MICHAEL DESPOSITO (SHIELD #2001/TAX ID #954726), POLICE OFFICER RANDY SANCHEZ (SHIELD #5340/TAX ID #956231) AND OFFICERS DOE** commitment of excessive force, which constituted an unreasonable seizure, via the principle of *respondeat superior* and that New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

69.     Throughout the period of his imprisonment and/or detention, Plaintiff was subjected to

retaliatory, excessive and unreasonable detention and to multiple excessive and unnecessary and unreasonable acts of physical force (in the course of the arrest, after arrest and while in detention), and to unnecessary and unreasonable and excessive terms and conditions of his imprisonment at the hands of Defendants under the color of state law and in violation of his rights as guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 USC § 1983.

70.     As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**DERELICTION OF DUTY, DEPRAVED/DELIBERATE INDIFFERENCE**
**and FAILURE TO INTERCEDE/INTERVENE**

71.     Plaintiffs repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

72.     Defendants **ARRESTING OFFICER DETECTIVE REGINALD SMITH (SHIELD #4482/TAX ID# 951278), SUPERVISOR/DESK OFFICER SGT. DENIS FITZERALD (SHIELD #3038/TAX ID# 952735), LIEUTENANT MICHAEL MALONE (TAX ID# 937013), LIEUTENANT MICHAEL DEMONDA (SHIELD #26018/TAX ID# 945659), SGT. NICHOLAS RUSSO (SHIELD #2664/TAX ID #934141), POLICE OFFICER MICHAEL DESPOSITO (SHIELD #2001/TAX ID #954726), POLICE OFFICER RANDY SANCHEZ (SHIELD #5340/TAX ID #956231) AND OFFICERS DOE,** were under a duty of safeguarding the public and ensuring the appropriate execution of NEW YORK POLICE DEPARTMENT'S role.

73.     Plaintiff duly relied on Defendants' fulfillment of their New York City Policing duties.

74. Defendants had an affirmative duty to intercede when Plaintiff's constitutional rights were being violated in Defendants' presence.

75. At the time of the incidents, Defendants were observing and aware of the wrongful acts against Plaintiff.

76. At the time of the incident, Defendants neglected to intervene on Plaintiff's behalf in dereliction of their duty to Plaintiff and in depraved/deliberate indifference to Plaintiff's well-being.

77. Defendants violated Plaintiff's constitutional rights when they failed to intercede and prevent the violation or further violation of Plaintiff's constitutional rights and the injuries or further injuries caused as a result of said failures.

78. Defendants had an affirmative duty to intercede when Plaintiff's constitutional rights were being violated in Defendants' presence by assault, abuse and punishments and retaliatory acts.

79. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**VIOLATION OF SUBSTANTIVE AND PROCEDURAL DUE PROCESS**

80. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as thought fully stated herein.

81. Defendants **ARRESTING OFFICER DETECTIVE REGINALD SMITH (SHIELD #4482/TAX ID# 951278), SUPERVISOR/DESK OFFICER SGT. DENIS FITZERALD (SHIELD #3038/TAX ID# 952735), LIEUTENANT MICHAEL MALONE (TAX ID# 937013), LIEUTENANT MICHAEL DEMONDA (SHIELD #26018/TAX ID# 945659), SGT. NICHOLAS RUSSO (SHIELD #2664/TAX ID**

**#934141), POLICE OFFICER MICHAEL DESPOSITO (SHIELD #2001/TAX ID #954726), POLICE OFFICER RANDY SANCHEZ (SHIELD #5340/TAX ID #956231)** and **OFFICERS DOE** individually and collectively are liable pursuant to 42 U.S.C. § 1983 for abuses against Plaintiffthat shock the conscience in violation of the Fourteenth Amendment to the United States Constitution.

82. Defendants individually and collectively are liable for abuses against Plaintiffthat shock the conscience in violation of Article 1, § 5 of the New York State Constitution.

83. Defendants individually and collectively are liable for abuses against Plaintiff that shock the conscience in violation of New York law, rules and regulations.

84. Defendants individually and collectively liable for depravation of Plaintiff's liberty without due process law.

85. Defendants individually and collectively liable for the retaliatory, unreasonable and unlawful detention of Plaintiff in mental/psych ward of the hospital.

86. As a result, Plaintiff's personal freedom was curtailed against his wishes and his detention in the psych ward was unreasonable and/or unlawful.

87. Defendants subjected Plaintiff to the criminal charge of "resisting arrest" on the basis of false and/or misleading evidence that was deliberately fabricated by the defendants.

88. Defendants are individually and collectively liable for Plaintiff's "punishment" without due process of law through excessive force and confinement in mental ward.

89. Defendants did, with malice, compose and swear out a false complaint against Plaintiff and institute the case against Plaintiff and that there was intent to do harm without justification. The defendants deliberately fabricated evidence that was used to criminally charge and prosecute the plaintiff, specifically but not limited to the retaliatory charge of "resisting arrest".

90.    Defendants failed to disclose evidence inconsistent with the plaintiff's guilt, falsely reported facts in the arresting documents, or otherwise falsely reported facts in the documents, maliciously concealed material evidence and maliciously mishandled his person both before and after handcuffing in order to charge Plaintiff with "resisting arrest".

91.    Because no reasonably competent officer could disagree that an officer cannot properly rely on evidence one knows to be false, qualified immunity cannot attach.  Additionally, there is no immunity attached to those who falsify affidavits and fabricate evidence.

92.    As a result of the foregoing, Plaintiff was deprived of his liberty, suffered loss of quality and/or enjoyment of life, physical injury, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged.

### AS AND FOR A SIXTH CAUSE OF ACTION
### UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT, DELIBERATE INDIFFERENCE TO MEDICAL NEEDS, DENIAL OF MEDICAL ATTENTION

93.    Plaintiff Mr. Forde repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

94.    Throughout the period of his imprisonment and/or detention, Plaintiff was continuously subjected to excessive and unreasonable detention and to unnecessary and unreasonable and excessive terms and conditions of his imprisonment, deliberate indifference to Plaintiff's medical needs, denial and/or deferral of medical attention all at the hands of Defendants **ARRESTING OFFICER DETECTIVE REGINALD SMITH (SHIELD #4482/TAX ID# 951278), SUPERVISOR/DESK OFFICER SGT. DENIS FITZERALD (SHIELD #3038/TAX ID# 952735), LIEUTENANT MICHAEL MALONE (TAX ID# 937013), LIEUTENANT MICHAEL DEMONDA (SHIELD #26018/TAX ID# 945659), SGT. NICHOLAS RUSSO (SHIELD #2664/TAX ID #934141), POLICE OFFICER**

**MICHAEL DESPOSITO (SHIELD #2001/TAX ID #954726), POLICE OFFICER RANDY SANCHEZ (SHIELD #5340/TAX ID #956231)** and **OFFICERS DOE** under the color of state law, in violation of his rights as guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 USC § 1983.

95.   As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**CLAIM FOR FALSE ARREST AS TO THE CHARGE OF "RESISTING ARREST"**

96.   Plaintiff Mr. Forde repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

97.   Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

98.   By the actions described above, Defendants **ARRESTING OFFICER DETECTIVE REGINALD SMITH (SHIELD #4482/TAX ID# 951278), SUPERVISOR/DESK OFFICER SGT. DENIS FITZERALD (SHIELD #3038/TAX ID# 952735), LIEUTENANT MICHAEL MALONE (TAX ID# 937013), LIEUTENANT MICHAEL DEMONDA (SHIELD #26018/TAX ID# 945659), SGT. NICHOLAS RUSSO (SHIELD #2664/TAX ID #934141), POLICE OFFICER MICHAEL DESPOSITO (SHIELD #2001/TAX ID #954726), POLICE OFFICER RANDY SANCHEZ (SHIELD #5340/TAX ID #956231)** and **OFFICERS DOE** caused Plaintiff to be falsely arrested and charged with RESISTING ARREST without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to

do so.  The acts and conduct of Defendants were the direct and proximate cause of injury and/or damage to Plaintiff and violated his state, federal, statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York and USC § 1983.

99.     Defendants **THE CITY OF NEW YORK** are vicariously liable to Plaintiff for the individual Defendants' **ARRESTING OFFICER DETECTIVE REGINALD SMITH (SHIELD #4482/TAX ID# 951278), SUPERVISOR/DESK OFFICER SGT. DENIS FITZERALD (SHIELD #3038/TAX ID# 952735), LIEUTENANT MICHAEL MALONE (TAX ID# 937013), LIEUTENANT MICHAEL DEMONDA (SHIELD #26018/TAX ID# 945659), SGT. NICHOLAS RUSSO (SHIELD #2664/TAX ID #934141), POLICE OFFICER MICHAEL DESPOSITO (SHIELD #2001/TAX ID #954726), POLICE OFFICER RANDY SANCHEZ (SHIELD #5340/TAX ID #956231) AND OFFICERS DOE** commitment of the false and retaliatory charge of "resisting arrest" via the principle of *respondeat superior* and that New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

100.    The charge of resisting arrest was dismissed.

101.    Upon information and belief, the Federal proceedings refused to prosecute the retaliatory charge of resisting arrest.

102.    As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific physical injury,  psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

    **WHEREFORE**, Plaintiff demands the following relief jointly and severally against all Defendants:

        a.   Compensatory damages;

b.   Punitive damages;

c.   Costs, interest and attorneys' fees;

d.   Such other further relief as this court may deem appropriate and equitable.

Dated:  New York, New York
        July 27, 2022

Respectfully submitted,

**The Law Office of Ellie Silverman, P.C.,**

By:

Ellie A Silverman, Esq.
745 5th Avenue, Suite 500
New York, NY 10151
*Attorney for Plaintiff*
(215) 620-6616